**GREYLOCK GLOBAL OPPORTUNITY MASTER FUND LTD. and Greylock Global Distressed Debt Master Fund Ltd., Plaintiffs–Appellants,**

v.

**PROVINCE OF MENDOZA, a Province of the Republic of Argentina, Defendant–Appellee.**

**No. 05–1414–CV.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

Eli Feit, Heller, Horowitz & Feit, P.C., (Stuart A. Blander), New York, New York, for Plaintiffs–Appellants, of counsel.

Jonathan I. Blackman, Cleary Gottlieb Steen & Hamilton LLP (Carmine D. Boccuzzi and Michael J. Byars), New York, New York, for Defendant–Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Plaintiffs–Appellants Greylock Global Opportunity Master Fund Ltd. and Grey-lock Global Distressed Debt Master Fund Ltd. (collectively, "Greylock") appeal from a judgment entered on February 17, 2005 in the Southern District of New York (Baer, *J.*), granting the motion by defendant-appellee Province of Mendoza ("Mendoza") for summary judgment, and denying Greylock's cross-motion. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews the district court's grant of summary judgment *de novo*. *See Young v. County of Fulton*, 160 F.3d 899, 902 (2d Cir.1998). In doing so, this Court is required to construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R.Civ.P.

Of the numerous issues raised by Greylock, only two were raised below in the district court and are properly preserved on appeal.

■ (1) Greylock first argues that unanimous consent of the existing bondholders was required to adopt the Sovereign Immunity Amendment. The language of §§ 7.2 and 7.3 of Indenture, read together, state that majority consent is sufficient to amend the terms of the Indenture except in four specific instances (*i.e.*, when a proposed amendment affects the amount or maturity of principal, the interest due, the currency of payment, or the amendment procedures), none of which is implicated by the Amendment. And de-

spite Greylock's arguments to the contrary, the structure and plain language of the Indenture make clear that § 4.6 does not create a fifth exception to § 7.2's procedures. In sum, the Indenture indicates that the adoption of the Sovereign Immunity Amendment required no more than majority consent.

■ (2) Greylock next argues that the adoption of the Sovereign Immunity Amendment violates its "unconditional right" to receive principal and interest payments under § 4.6 of the Indenture by "attenuat[ing]" its ability to obtain such payments. Section 4.6 does not, however, preclude the bondholders from executing an amendment that might—in some practical sense—affect a bondholder's ability to recover payment. Rather, § 4.6 merely assigns Greylock a contractual right— which it has yet to enforce through a separate suit for payment—to receive these payments.

The Court has considered Greylock's remaining arguments and finds them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.